UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GALHEN MELCHIZEDEK,<br><br>Petitioner,<br><br>v.<br><br>DANIEL D. ALLEN, Superintendent, Monroe Correctional Complex,<br><br>Respondent. | CASE NO. 2:26-cv-02403-JNW<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Kate S. Vaughan and Petitioner Galhen Melchizedek's objections to it. Dkt. Nos. 7; 9. Melchizedek is incarcerated and petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a February 2026 disciplinary proceeding that resulted in the loss of good time credits and seeking restoration of those credits. The R&R recommends dismissing Melchizedek's petition without prejudice for failure to exhaust his state-court remedies. The Court overrules the objections and adopts the R&R for the reasons below.

When a party objects to an R&R, the district court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *United States v. Ramos*, 65 F.4th 427, 433–34 (9th Cir. 2023) (holding district court must review de novo but need not specifically address each objection in its order).

The Court has reviewed Melchizedek's objections, as well as the record and relevant portions of the R&R de novo. Melchizedek concedes that he has not exhausted his state-court remedies. Dkt. No. 9 at 2–3. He argues that exhaustion would be futile because he raised a similar claim in a personal restraint petition last year; the Washington Court of Appeals dismissed that petition, and the Washington Supreme Court denied review. *See* Dkt. Nos. 1 at 2, 20–24; 9 at 4–7. Melchizedek raises a persuasive argument based on the futility test articulated in *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). However, the Supreme Court subsequently criticized the futility doctrine in *Engle v. Isaac* and held that a prisoner may not bypass the state courts because he believes they will not accept his argument. 456 U.S. 107, 130 (1982); *see also Noltie v. Peterson*, 9 F.3d 802, 805–06 (9th Cir. 1993); *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988); *Linville v. Jackson*, No. C22-5241-LK-MLP, 2023 WL 2975626 (W.D. Wash. Jan. 12, 2023), *report and recommendation adopted*, 2023 WL 2969569 (W.D. Wash. Apr. 17, 2023). ("Petitioner's suggestion that it would have been futile to return to the Washington Supreme Court because that Court rejected his claim on direct appeal does not excuse his failure to exhaust."). The Supreme Court explained that "[e]ven a state

court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid." 456 U.S. at 130. Since *Engle*, the Ninth Circuit has declined to address whether *Sweet* is still good law. *See, e.g., Alfaro v. Johnson*, 862 F.3d 1176, 1181 (9th Cir. 2017) (declining to "rule on the continued viability of the rule from *Sweet*"); *Noltie*, 9 F.3d at 805 (calling the doctrine "short-lived" but declining to "reach the question of [its] residual viability."). Accordingly, the Court applies *Engle* and overrules Melchizedek's futility objection.

Melchizedek also argues that if he were to exhaust his state-court remedies, the statute of limitations for his federal habeas petition would expire. Dkt. No. 9 at 2–3. But under 28 U.S.C. § 2244(d)(2), the applicable one-year statute of limitations will be tolled once he properly files his application for collateral review with respect to the pertinent claim. Thus, the Court overrules this objection, too.

Accordingly, the Court ORDERS:

1. The Court ADOPTS the Report and Recommendation.
2. This action is DISMISSED without prejudice.
3. The Clerk is directed to send copies of this order to the parties and to Judge Vaughan.
4. The Clerk is further directed to CLOSE this case.

Dated this 14th day of October, 2026.

Jamal N. Whitehead
United States District Judge